MDR

**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sagi Mukatin, | No. CV 1-06-1761-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| R. Hasseltine, et al., | |
| Defendants. | |

Plaintiff Sagi Mukatin, who is confined in the Pleasant Valley State Prison in Coalinga, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court screened the Complaint, Plaintiff filed an Amended Complaint.   United States Circuit Court Judge Arthur Alarcón, sitting by designation, issued an Order (Doc. #12) dismissing the Amended Complaint for failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and providing Plaintiff an opportunity to file a second amended complaint that cured the deficiencies identified in the Order.

Plaintiff filed a Second Amended Complaint (Doc. #14).  This case was reassigned to the undersigned judge on November 26, 2008.   The Court will dismiss the Second Amended Complaint and give Plaintiff one final opportunity to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

JDDL

1    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

2    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

3    be granted, or that seek monetary relief from a defendant who is immune from such relief.

4    28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

5    allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

6    before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

7    (*en banc*).

8        The Court should not, however, advise the litigant how to cure the defects.  This type

9    of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

10   Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

11   whether the court was required to inform a litigant of deficiencies).  Plaintiff's Second

12   Amended Complaint will be dismissed with leave to amend because the Second Amended

13   Complaint may possibly be saved by amendment.

14   **II.    Second Amended Complaint**

15       In his three-count Second Amended Complaint, Plaintiff sues the following

16   Defendants, all of whom are employed at the Pleasant Valley State Prison: Warden James

17   A. Yates; Correctional Lieutenants T. Harris and R. Fisher; Sergeant Corley; and

18   Correctional Officers R. Hesseltine, R. Redding, and B. Deathradge.  Plaintiff's three counts

19   are based on a statement of facts in which Plaintiff alleges that certain Defendants

20   confiscated crime scene photographs that Plaintiff had received from his attorney and that

21   other Defendants subsequently "circumvented and mishandled" Plaintiff's administrative

22   challenge to the confiscation of the photographs.

23       In Count One, Plaintiff alleges that Defendants violated his First, Fifth, and

24   Fourteenth Amendment rights by

25           a) needlessly, unreasonably, and retali[a]torily denying Plaintiff
             his right to file administrative remedies for exercising his
26           constitutionally protected right to seek redress from grievances,
             adequate redress for grievances;
27
             b) combining and conspiring to deprive Plaintiff of his
28           constitutionally protected rights;

1

c) denying Plaintiff due process of law;

2

3

d) deliberately, knowingly and negligently failing to come to Plaintiff's aid and assistance in contravention of rules and regulations applicable to on-duty correctional officers;

4

e) comb[in]ing and conspiring to deprive Plaintiff of his statutory rights under California state law; [and]

5

6

f) implementing, maintaining, and tolerating policies, practices and customs which result[ed] in the illegal actions and proximately caused Plaintiff's injuries . . . .

7

In Count Two, Plaintiff asserts a claim under 42 U.S.C. § 1988 against "Defendants

8

C.D.C. and P.V.S.P."  In Count Three, he invokes the Court's supplemental jurisdiction to

9

assert a state law negligence claim against "Defendants C.D.C. and P.V.S.P."

10

**III.    Dismissal of Count One**

11

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,

12

520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.

13

Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

14

a liberal interpretation of a civil rights complaint may not supply essential elements of the

15

claim that were not initially pled.  Id.

16

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement

17

of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be

18

simple, concise, and direct."  A complaint having the factual elements of a cause of action

19

scattered throughout the complaint and not organized into a "short and plain statement of the

20

claim" may be dismissed for failure to satisfy Rule 8(a).  See  Sparling v. Hoffman Constr.

21

Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.

22

1996).  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state

23

claims in "numbered paragraphs, each limited as far as practicable to a single set of

24

circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each

25

claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

26

Fed. R. Civ. P. 10(b).

27

It is not the Court's responsibility to sift through Plaintiff's factual statement in an

28

attempt to determine the number and nature of Plaintiff's claims. The Court is unable to mesh

1  Plaintiff's factual allegations with the six subsections of Count One. The Court cannot
2  meaningfully review Count One of the Second Amended Complaint, as required by 28
3  U.S.C. § 1915A(a). Accordingly, the Court will dismiss Count One without prejudice.

4       The Court also notes that Plaintiff's factual allegation that three Defendants
5  "circumvented and mishandled" Plaintiff's administrative challenge to the confiscation of
6  his photographs is vague and conclusory, relates to the three Defendants collectively, and
7  does not satisfactorily link Plaintiff's injury with specific conduct by the particular
8  Defendants. To state a valid claim under § 1983, plaintiffs must allege that they suffered a
9  specific injury as a result of specific conduct of a defendant and show an affirmative link
10 between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362,
11 371-72, 377 (1976).

12      To state a claim against a supervisory official, the civil rights complainant must allege
13 that the official personally participated in the constitutional deprivation or that a supervisory
14 official was aware of widespread abuses and, with deliberate indifference to the inmate's
15 constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814
16 F.2d 565, 568 (9th Cir. 1987); see Monell v. New York City Department of Social Services,
17 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and,
18 therefore, a defendant's position as the supervisor of persons who allegedly violated
19 Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658; Hamilton
20 v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
21 1989).

22      To the extent Plaintiff is asserting that the mishandling occurred because the
23 Defendants treated his "Citizen's Complaint" as an "Administrative Appeal," the Court notes
24 that Plaintiff has attached to his Second Amended Complaint a copy of his "Citizens
25 Complaint for Misconduct," which was filed on a State of California Department of
26 Corrections form entitled "Inmate/Parolee Appeal Form." Moreover, although Plaintiff
27 claims that these Defendants refused to properly submit a "CDC 1858 Form, 'Rights and
28 Responsibility Statement' pursuant to Department procedure," the Court notes that "[t]here

1  is no legitimate claim of entitlement to a grievance procedure," Mann v. Adams, 855 F.2d

2  639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise

3  to a due process claim.  See Flournoy v. Fairman, 897 F. Supp. 350, 354 (N.D. Ill. 1995)

4  **IV.    Dismissal of Counts Two and Three**

5      Counts Two and Three are claims against "C.D.C. and P.V.S.P."[1]  Although Plaintiff

6  refers to "C.D.C. and P.V.S.P." as "Defendants" in Counts Two and Three, they are not

7  Defendants.  They are not named in the caption of the Second Amended Complaint (Doc.

8  #14 at 1), the list of Defendants (Doc. #14 at 3), the caption of the attachment to the Second

9  Amended Complaint (Doc. #14 at 4-5), or Plaintiff's statement of the "Parties Involved"

10  (Doc. #14 at 7).  Because Counts Two and Three are asserted against nonparties, the Court

11  will dismiss Counts Two and Three, for failure to state a claim.

12  **V.    Leave to Amend**

13      For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed.

14  Within 30 days, Plaintiff may submit a third amended complaint on the form provided with

15  this Order.  If Plaintiff fails to use the form provided with this Order, the Court may strike

16  the third amended complaint and dismiss this action without further notice to Plaintiff.

17      Plaintiff must clearly designate on the face of the document that it is the "Third

18  Amended Complaint."  The third amended complaint must be retyped or rewritten in its

19  entirety on the form provided with this Order and may not incorporate any part of the original

20  Complaint or the First and Second Amended Complaints by reference.

21      Plaintiff must comply with the instructions provided with the form.  Plaintiff should

22  pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

23  with the instructions provided with the form, the Court may strike the third amended

24  complaint and dismiss this action without further notice to Plaintiff.

25      Among other requirements contained in the instructions, Plaintiff must provide

26  information in the a third amended complaint regarding the Court's jurisdiction and the

27  _____

28      [1]Plaintiff presumably is referring to the California Department of Corrections and
Rehabilitation and the Pleasant Valley State Prison.

JDDL                              - 5 -

defendants, and he must divide his lawsuit into separate counts. In each count, Plaintiff must identify the federal constitutional civil right allegedly violated, check the box for the issue most closely involved, state how each defendant participated in the alleged violation at issue, explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff exhausted any available administrative remedies. Plaintiff must repeat this process for each civil rights claim. **Plaintiff may allege only one claim per count.**

A third amended complaint supersedes the original Complaint and the First and Second Amended Complaints. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and the First and Second Amended Complaints as nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and the First and Second Amended Complaints is waived if it is not raised in a third amended complaint. <u>King</u>, 814 F.2d at 567.

**VI.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

1    **IT IS ORDERED:**

2        (1)    The Second Amended Complaint (Doc. #14) is **dismissed** for failure to comply

3    with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim.  Plaintiff

4    has **30 days** from the date this Order is filed to file a third amended complaint in compliance

5    with this Order.

6        (2)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of

7    Court must, without further notice, enter a judgment of dismissal of this action with

8    prejudice.

9        (3)    The Clerk of Court must include with this Order a copy of this judge's required

10   form for filing a civil rights complaint by a prisoner.

11       DATED this 15th day of January, 2009.

12

13

14

15                                            David G. Campbell
                                 United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
       Attorney for Defendant(s)
_____
(Signature)

8. <u>Amended Complaint</u>. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a). After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. **Any allegations or defendants not included in the amended complaint are considered dismissed.** All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9. <u>Exhibits</u>. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10. <u>Letters and Motions</u>. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**
    1. <u>Your Name</u>. Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>. If there are **four or fewer** defendants, print the name of each. If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants. Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>. If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so may result in the loss of the right to a jury trial. A jury trial is not available if you are seeking only injunctive relief.

**Part A. JURISDICTION:**
    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

## Part B.  PREVIOUS LAWSUITS:

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

3

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

Name and Prisoner/Booking Number

Place of Confinement

Mailing Address

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| _____ , )<br>(Full Name of Plaintiff)    Plaintiff, )<br><br>vs. )<br> )<br>(1)_____ , )<br>(Full Name of Defendant) )<br>(2)_____ , )<br> )<br>(3)_____ , )<br> )<br>(4)_____ , )<br>Defendant(s). )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>(To be supplied by the Clerk)<br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:

☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/08                                   1                                   **550/555**

## B. DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
                   (Position and Title)                                  (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
                   (Position and Title)                                  (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
                   (Position and Title)                                  (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
                   (Position and Title)                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care

☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation

☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☐ Yes    ☐ No

b.    Did you submit a request for administrative relief on Count I?                ☐ Yes    ☐ No

c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No

d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                               ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?             ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                            DATE                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6